363 So.2d 418 (1978)
LOUISIANA STATE BAR ASSOCIATION, Petitioner,
v.
Theodore J. ADAMS, Jr., Respondent.
No. 59057.
Supreme Court of Louisiana.
October 9, 1978.
La. State Bar Ass'n, Committee on Professional Responsibility, Leonard Fuhrer, Chairman, Alexandria, Wood Brown, III, New Orleans, Sam J. D'Amico, Baton Rouge, Harold J. Lamy, New Orleans, Edgar H. Lancaster, Jr., Tallulah, John F. Pugh, Thibodaux, A. Russell Roberts, Metairie, John B. Scofield, Lake Charles, Thomas O. Collins, Jr., Executive Counsel, New Orleans, for petitioner.
Arthur A. Lemann, III, New Orleans, for respondent.
TATE, Justice.
This court has original jurisdiction of disciplinary proceedings against a member of the Louisiana bar. La.Const. of 1974, Art. 5, Section 5(B). The Louisiana State Bar Association, appearing through its Committee on Professional Responsibility, instituted the present disciplinary proceedings against Theodore J. Adams, Jr., pursuant to Article XV of the Articles of Incorporation of the Association (1971), approved by us as a rule of this court. 21A West's LSA Revised Statute 119 (1974).

(1)
This disciplinary action was filed following the respondent's conviction of the crime of public bribery, La.R.S. 14:118 (1975), a felony, and his sentence to five years imprisonment without hard labor, suspended. See Article XV, Section 8. Pending determination of disciplinary proceedings, the respondent's license to practice law was suspended on January 4, 1977 this court approving the committee's determination that the conviction was of a serious crime reflecting upon the respondent's moral fitness to practice law. Article XV, Section 8(2)-(4).
Pursuant to the committee's petition for disciplinary action based upon this conviction, a commissioner was appointed and heard evidence. Article XV, § 8 subd. 6, subd. 7(a), (b).
At this hearing, the certificate of conviction is conclusive evidence of guilt of the crime, subd. 7(c), and "the sole issue to be determined shall be whether the crime warrants discipline, and if so, the extent thereof. At the hearing the respondent may offer evidence only of mitigating circumstances not inconsistent with the essential elements of the crime for which he was convicted as determined by the statute defining the crime." Subd. 7(d).
The offense of public bribery occurred when the relator, acting as salaried attorney for the Charity Hospital, accepted *419 $2,000 from a prospective lessee of service station property owned by Charity. Through an intermediary (who relator claimed had instigated the bribery), the relator had agreed to accept this sum for his services in facilitating board approval of the proposed lease in favor of this lease. (The record reflects, however, that the lessee received no special consideration in the terms in the lease.)
The relator admits his guilt of the crime. The extenuating circumstances relied upon reveal his honorable and unblemished record (until this incident) as a young lawyer from the time of his admission to the bar in 1970, unusually severe financial and emotional distress arising from a business venture and anticipated birth of a child, and the claim that the scheme originated with an older lawyer, the lessee's attorney, in whose professional judgment the relator had confidence.
In his report, the commissioner noted these facts and some of these extenuating circumstances and found that the offense for which the relator is charged is a serious crime involving moral turpitude which warrants discipline. In view of the relator's excellent record and character prior to and after the offense, as well as the real indications of the relator's contrition and his sincerity for rehabilitation, the commissioner recommended "suspension for a determinate period, say five years."

(2)
We nevertheless find that the serious crime of which convicted reflects so seriously upon his moral fitness to practice law as to require disbarment as the appropriate disciplinary action. The act of which convicted was not only of a serious degree of immorality, but it also involved a breach of the relator's professional and fiduciary duty as an attorney for a public body in dealing with the public.
We deem it appropriate, however, to order the disbarment effective January 4, 1977, the date of the relator's suspension from the practice of law because of these proceedings. In fixing this as the effective date, we take into consideration the relator's excellent record before and after the offense, and the circumstance that a disbarred attorney may not apply for reinstatement until five years have elapsed from the date of his disbarment. Article XV, Section 12(a), Articles of Incorporation.

Decree
For the reasons assigned, it is ordered, adjudged, and decreed that Theodore J. Adams, Jr., be and he is hereby disbarred, effective January 4, 1977, from the practice of law in Louisiana. The respondent is to bear all costs of this proceeding.
DISBARMENT ORDERED.